IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 10-298-GPM ) |
| PEOPLES NATIONAL BANK, N.A., and S. COAL COMPANY, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This action involves a dispute between two secured lenders, Plaintiff Caterpillar Financial Services Corporation (CFSC) and Defendant Peoples National Bank, N.A. (the Bank). Much has happened since the Court last heard this case on a motion to dismiss: CFSC filed a third amended complaint to add, as a necessary party, Defendant S. Coal Company (S. Coal); the Bank filed a motion for summary judgment and CFSC filed a partial cross-motion for summary judgment; and S. Coal was defaulted. For the following reasons, CFSC is ordered to file a fourth amended complaint to cure certain defects and omissions in its jurisdictional allegations, the default entered against S. Coal is set aside, and the motions for summary judgment are denied.

As an initial matter, this Court is obligated to review its own jurisdiction *sua sponte*. FED. R. CIV. P. 12(h)(3); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"). CFSC brings this action under 28 U.S.C. § 1332 for conversion, tortious interference with contract, unjust

enrichment, and fraudulent transfer. S. Coal is a necessary party to the fraudulent transfer claim and, therefore, was added as a defendant. The third amended complaint contains no allegations relating to the citizenship of S. Coal. According to the Illinois Secretary of State website, S. Coal is a dissolved Illinois corporation that was involuntarily dissolved on April 8, 2011. Illinois Secretary of State, http://www.ilsos.gov/corporatellc/CorporateLlcController (last visited Nov. 4, 2011). The address listed for S. Coal's agent and president is in Elkville, Illinois. While it appears that S. Coal is an Illinois corporation with its principal place of business in Illinois, CFSC must so plead. Notably, allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).

Additionally, for purposes of federal diversity jurisdiction, the citizenship of a national banking association is determined by reference to both the national banking association's principal place of business and "the state listed in its organization certificate." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001), *citing* 28 U.S.C. § 1348. CFSC alleges that the Bank is a national association with its principal place of business and corporate offices located in Illinois but has not specifically identified the state listed in the Bank's organization certificate.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, CFSC is **ORDERED** to file a Fourth Amended Complaint **on or before November 21, 2011**, to establish the citizenship of S. Coal and the Bank.[1]

---

[1] The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.

Because it appears that diversity of citizenship will be shown, the Court has carefully reviewed the docket in this case. The Affidavit of Compliance for Service on Secretary of State under the Business Corporation Act that was filed to prove service on S. Coal (*see* Doc. 79) is deficient. The deficiencies all relate to Question 6 on the affidavit. It states: "Address to which the undersigned will cause a copy of the attached process, notice or demand to be sent by certified or registered mail:" and leaves a blank for the affiant, CFSC's counsel, to type the address. The address given appears to contain a typographical error; it lists "7701 Coal Rd., Elkville, IL 62932." The Secretary of State website lists the agent and president's address as "770 Coal Rd. Elkville 62932." Coincidentally, counsel's office address is listed on the affidavit as 7701 Forsyth Boulevard in St. Louis, Missouri. It seems that whomever completed the form typed 7701 rather than 770 as the street address for service of process. Moreover, CFSC did not file proof that process was ever sent by certified or registered mail to the appropriate address. Accordingly, the Court finds service to be defective and **SETS ASIDE** the default entered against S. Coal on September 8, 2011 (*see* Doc. 84).

Finally, the Court has studied the summary judgment motions filed by the Bank and CFSC. The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in

> opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

Both parties contend that they entered into subordination agreements with other creditors. But it is not clear from the record who owned the equipment at issue. CFSC argues that the ownership of equipment was transferred by terms contained in an escrow agreement; the Bank relies on an agent of S. Coal's testimony that transfer of ownership was never intended. The web of agreements that put the parties into their respective positions is too convoluted to untangle on these papers. Moreover, there is language in the subordination agreements upon which the Bank relies to suggest that the validity of such agreements is contingent upon CFSC's consent. This creates a fact issue that is not address in the summary judgment papers. The ownership issue is central to the entire case and cannot, on this record, be determined as a matter of law. The motions for summary judgment (Docs. 68 and 72) are **DENIED**. A status conference will be set by separate notice after the Court examines the amended jurisdictional allegations to be included in the Fourth Amended Complaint.

**IT IS SO ORDERED.**

DATED:  11/08/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge